JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MICHAEL KORS, LLC, a Delaware Limited Liability Company,

        Plaintiff,

- against -

CHUNMA USA, INC., a California Corporation; and JAE HYUN JUNG, an Individual,

        Defendants.

2:16-cv-01271 AB (AFMx)

**[PROPOSED] ORDER RE CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE**

Plaintiff Michael Kors, LLC ("Michael Kors") and Defendants Chunma USA, Inc. ("Chunma") and Jae H. Jung (together with Chunma, "Defendants") have entered into a Settlement Agreement and Mutual Release, without any admission of liability, as to the claims in the above referenced matter. Defendants, having agreed to consent to the below terms, it is hereby:

ORDERED, ADJUDGED, and DECREED as among the parties hereto that:

1. This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Michael Kors has common law trademark rights in the mark MK for many products, including for example, women's handbags and accessories, in those U.S. jurisdictions allowing for such common law trademark rights (the "MK Mark").

3. Michael Kors uses the MK Mark in a variety of ways, including in repeating patterns, a circle medallion, and/or pointillist lettering, as an inherently distinctive and non-functional trade dress (the "MK Trade Dress").

4. Chunma is the owner of the trademarks NX and NXXN, including U.S. Trademark Registration No. 4,503,234, U.S. Trademark Application Serial No. 86/506,222 and U.S. Trademark Application Serial No. 86/506,179 (the "NX Marks").

5. Michael Kors has alleged that Defendants manufacture and sale of products bearing the NX Marks infringes and dilutes the MK Mark and MK Trade Dress and constitutes trademark and trade dress infringement and dilution, and unfair competition.

6. Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing upon or diluting the MK Mark and MK Trade Dress, include either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any product bearing the NX Marks, or any other marks or trade dress confusingly similar or substantially similar to the MK Mark or MK Trade Dress, and, specifically from:

a) Using the NX Marks or any other reproduction, counterfeit, copy or colorable imitation of the MK Mark or MK Trade Dress, in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of

merchandise, or in any manner likely to cause others to believe that Defendants' products are connected with Michael Kors or Michael Kors' genuine merchandise;

b) Passing off, inducing or enabling others to sell or pass off any products or other items that are not Michael Kors' genuine merchandise as and for Michael Kors' genuine merchandise;

c) Leasing space to any tenant who is engaged in the manufacturing, purchasing, production, distribution, circulation, sale, offering for sale, importation, exportation, advertisement, promotion, display, shipping, marketing of products bearing the NX Marks or any other reproduction, counterfeit, copy or colorable imitation of the MK Mark or MK Trade Dress;

d) Committing any other acts calculated to cause purchasers to believe that Defendants' products are Michael Kors' genuine merchandise;

e) Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner items bearing the NX Marks or any other reproduction, counterfeit, copy or colorable imitation of the MK Mark or MK Trade Dress; and

f) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 6(a) to 6(e) above.

7. Notwithstanding Paragraph 6 above, Defendants shall be permitted until December 31, 2018 to manufacture and sell off products bearing the NX Marks, and any of Defendants' customers who have purchased products bearing the NX Marks or who will purchase such products that are sold by Defendants prior to December 31, 2018, shall have an indefinite amount of time to continue selling those products (including the advertisement, promotion and display of any marketing or other materials that features the Products at Issue) in the U.S. until their inventory is eliminated.

8. Michael Kors and Defendants shall bear their own costs associated with this action.

9. The execution of this Final Judgment shall serve to bind and obligate the parties hereto.

10. The jurisdiction of this Court is retained for the purpose of entering the injunction. Except as otherwise provided herein, this action is fully resolved with prejudice.

**IT IS SO ORDERED.**

DATED: April 23, 2018

_____
Hon. André Birotte Jr.
United States District Judge